Zhong v. Garland

BIA
Cheng, IJ
A200 919 261

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-two.

PRESENT:
DENNIS JACOBS,
DENNY CHIN,
MICHAEL H. PARK,
*Circuit Judges.*

_____

WEI JUN ZHONG, AKA XIAO JUN ZHONG,
*Petitioner*,

v.                                                    19-3849
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:              Aleksander Boleslaw Milch, Esq.,
                             The Kasen Law Firm, PLLC,
                             Flushing, NY.

FOR RESPONDENT:              Jeffrey Bossert Clark, Acting
                             Assistant Attorney General; Song

Park, Acting Assistant Director; Virginia L. Gordon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Jun Zhong, a native and citizen of the People's Republic of China, seeks review of an October 21, 2019, decision of the BIA affirming a February 27, 2018, decision of an Immigration Judge ("IJ") terminating Zhong's asylee status and ordering removal. *In re Wei Jun Zhong*, No. A200 919 261 (B.I.A. Oct. 21, 2019), *aff'g* No. A200 919 261 (Immig. Ct. N.Y. City Feb. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's findings of fact for substantial evidence and questions of law de novo. *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

"Asylum . . . does not convey a right to remain permanently in the United States, and may be terminated if

2

the [agency] determines that . . . the alien no longer meets the conditions [for asylum] . . . owing to a fundamental change in circumstances." 8 U.S.C. § 1158(c)(2). "An [IJ] or the [BIA] may reopen a case . . . for the purpose of terminating a grant of asylum." 8 C.F.R. § 1208.24(f). "In such a reopened proceeding, the [Government] must establish, by a preponderance of evidence" that, as relevant here, the alien's asylum application contained fraud "such that he or she was not eligible for asylum at the time it was granted." 8 C.F.R. § 1208.24(a)(1), (f). The agency did not err in reopening and terminating Zhong's asylee status.

The agency reasonably found that the Government established by a preponderance of the evidence that Zhong's application was fraudulent given that it was prepared by an attorney later convicted of immigration fraud for filing asylum applications containing strikingly similar claims to Zhong's claim during the period Zhong's application was filed. *See id.; see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." (internal quotation marks omitted)).

Further, the agency provided Zhong an opportunity to respond to the Government's evidence of fraud, but reasonably found his testimony not credible given his inconsistent statements regarding whether he had ever been arrested and whether he had ever met the lawyer, later convicted of fraud, who prepared his application and attended a master calendar hearing with him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). We do not consider Zhong's remaining arguments, which are unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court